Harrisburg Coal Mining Company, Appellee, v. Ender Coal and Coke Company. Thomas H. Cochran and John H. Evans, Respondents in the Contempt Proceedings, Appellants.

Gen. No. 36,264.

Opinion filed October 25, 1933. Rehearing denied November 7, 1933.

WILLIAM A. ROGAN, for appellants.

KIRKLAND, FLEMING, GREEN & MARTIN, for appellee; HOWARD ELLIS, WILLIAM H. SYMMES and J. B. MARTINEAU, JR., of counsel.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

On April 13, 1931, the Harrisburg Coal Mining Company, complainant, filed its sworn bill in chancery in the superior court of Cook county in which it is alleged that the defendant, Ender Coal & Coke Company, is

indebted to it, complainant, in a large sum of money, and complainant prayed that an accounting be had and that defendant be decreed to pay to complainant whatever sum the court might find to be due.

By this appeal, Thomas H. Cochran seeks the reversal of an order of the superior court of Cook county entered June 16, 1932, as amended June 28, 1932, in a proceeding against Thomas H. Cochran and John H. Evans, respondents, finding each of them guilty of contempt of court for wilfully refusing to produce for examination and inspection in the hearing of said cause, and for destroying certain books and documents of defendant company, ordered to be produced by the court. Separate appeals were taken and perfected by each of these respondents, and filed in this court as cases No. 36,264 and 36,265, which appeals, by order of the court, have been consolidated for hearing as case No. 36,264.

The bill is predicated upon various contracts alleged to have been entered into between the Harrisburg Coal Mining Company, complainant, the owner and operator of coal mines in southern Illinois, on the one part, and the Ender Coal & Coke Company of Chicago, defendant, on the other part, by the terms of which it is alleged defendant agreed to and did become sales agent for complainant. The respondents, Thomas H. Cochran and John H. Evans, are and were during the pendency of the proceeding and on the date of the order appealed from, the president and secretary, respectively, of the Ender Coal & Coke Company, defendant. These contracts provided for the inspection of the books of the respective parties, by either of them.

It is charged in the bill, *inter alia,* that by the contracts between the parties, defendant, as sales agent, agreed to sell complainant's product only, and after retaining its, defendant's, commissions, to account to

complainant for all such sales, and to pay complainant such sums as might be found to be due it; that large shipments of coal were made by complainant under said contracts and that defendant has failed to account to complainant as agreed, and that because of this fact and because of false statements made by defendant as to shipments of coal, complainant has been defrauded out of large sums of money, the recovery of which it seeks the aid of the court. Among other charges in the bill is one to the effect that in violation of defendant's agreement with complainant, defendant sold and shipped coal coming from mines other than the mines of complainant, and represented to consumers that the coal shipped by defendant came from complainant's mines, and further that defendant made false and fraudulent statements to complainant as to shipments of coal and of prices received therefor.

Defendant filed its answer in which it denies the charges of fraud, denies that it has failed to account to complainant, and denies that it is indebted to complainant in any amount whatever.

The bill prays a discovery from the records of defendant of the amounts out of which complainant alleges it has been defrauded; also of the details of shipments of coal alleged to have been made by defendant from mines other than the mines of complainant as follows:

"(1) Whether the Sales Co., defendant, had shipped any No. 5 vein coal from said Counties other than that of complainant; and

(2) If so, the following details in respect of each transaction during said period:

(a) Date of purchase.

(b) Name and address of seller.

(c) Location of mine from which coal was shipped.

(d) Amount and kind of coal and purchase price paid per ton.

> (e) Name and address of person to whom coal was sold.
>
> (f) Amount and kind of coal and sales price.
>
> (g) Date of sale and terms of sale.''

The cause was referred to a master in chancery to take evidence and report, and on November 4, 1931, the master issued a subpoena *duces tecum,* which was served upon the defendant and the two respondents, directing them to appear before the master on November 5, 1931, and produce certain documents and records. The parties appeared before the master on November 5, 1931, when the master suggested that complainant proceed under section 9 of the Evidence Act, Cahill's St. ch. 51, ¶ 9, and on November 10, 1931, the solicitor for defendant in the cause and the attorney for respondents in the instant proceeding was served with a notice to produce the following:

> "(a) All car records of Ender Coal & Coke Company from February 25, 1928, down to and including February 18, 1931;
>
> "(b) All control accounts in the general ledger of Ender Coal & Coke Company from February 25, 1928, down to and including February 18, 1931;
>
> "(c) All accounts receivable of Ender Coal & Coke Company from February 25, 1928, down to and including February 18, 1931; and
>
> "(d) All accounts payable of Ender Coal & Coke Company from February 25, 1928, down to and including February 18, 1931."

It is claimed by complainant and it seems to be not disputed, that the books and records of defendant company contain the only evidence of coal shipments, sales, prices and other data required by complainant for the purpose of presenting its case, and various notices were served upon the defendant and respond-

ents to produce such documents and books. On January 4, 1932, by consent of the parties, the court entered the following order:

"This cause coming on to be heard upon the affidavit of William Roy Carney, filed in support of a motion by complainant under Section 9, Chapter 51 of Cahill's Illinois Revised Statutes, to permit the agents, auditors and attorneys of complainant herein to examine and inspect before trial certain books, papers, records, documents, memoranda, etc., in the possession of defendant; and upon the affidavit of Raymond L. Boyle, likewise filed in support of said motion; and upon the counter-affidavit of Thomas H. Cochran, filed in opposition to said motion; and the court having heard the arguments of counsel, and being duly advised in the premises,

"Ordered, that the accountant, Raymond L. Boyle, retained by complainant, be permitted to make an inspection and examination of the following books, papers, records, documents, memoranda, etc., of the defendant, now in the possession of the defendant:

"(a) All car records of Ender Coal & Coke Company pertaining to sales of coal from Saline and Williamson Counties, Illinois, from February 25, 1928, down to and including February 18, 1931;

"(b) All control accounts in the general ledger of Ender Coal & Coke Company pertaining to sales of coal from Saline and Williamson Counties, Illinois, from February 25, 1928, down to and including February 18, 1931;

"(c) All accounts receivable of Ender Coal & Coke Company pertaining to sales of coal from Saline and Williamson Counties, Illinois, from February 25, 1928, down to and including February 18, 1931; and

"(d) All accounts payable of Ender Coal & Coke Company concerning purchases of coal from Saline and Williamson Counties, Illinois, from February 25, 1928, down to and including February 18, 1931;

"Together with all detailed records and records of original entry of sales and purchases of coal from Saline and Williamson Counties, Illinois, from which said four above described types of records are made up.

"Said inspection and examination to be made solely for the purpose of securing evidence to be used only in the above entitled cause (and not to be used in any other proceeding, either legal or equitable, in which the complainant, or any of its officers, directors or stockholders, are or may be interested) in accordance with the representations in the affidavits of William Roy Carney and Raymond L. Boyle, heretofore filed herein, and the said Raymond L. Boyle is to be permitted upon furnishing defendant with copies thereof, to take memoranda from the above mentioned records, said memoranda to be used solely in the trial of the above entitled cause; and it is

"Further Ordered, that the said examination and inspection by the said Raymond L. Boyle of said above mentioned records be made in the office of Ender Coal & Coke Company, 343 South Dearborn Street, Chicago, Illinois, at reasonable times during the business hours of the day; and it is

"Further Ordered, that said examination and inspection by said Raymond L. Boyle commence upon Monday, January 11, 1932, and continue from day to day thereafter, until completed; and it is

"Further Ordered, that in the event that the said Raymond L. Boyle is for any reason unable either to commence or to finish the said examination and inspection, that some other public accountant, retained

by the complainant for said purpose, and approved by order of this court, on notice to said defendant, may either commence or complete the said examination.

"The court reserves jurisdiction of this matter for the purpose of changing, modifying or enlarging the scope of examination, upon proper showing made to the court.

"Enter:                   DENIS E. SULLIVAN."

None of these documents was produced as ordered, and it is charged that certain employees and agents of the defendant company under the direction of respondents, after the defendant had consented to the order of January 4, 1932, made alleged and what are claimed to be spurious copies of the originals of such documents called for and ordered to be produced.

The trial court considered the oral testimony together with an affidavit filed in the case of one James H. Bowden, who, during the period involved in the bill of complainant, was a salesman employed by the defendant company, and whose testimony was to the effect that shortly after the bill was filed in the cause, and after notice had been served upon the defendant company to produce the books and documents called for, the respondent, Evans, in the office of defendant company and in the hearing of Bowden, stated in substance that the complainant, characterizing the officers of the complainant company by an epithet, desired to look at the books of the defendant company, but that they would not be allowed to do so. Bowden's testimony further is to the effect that shortly thereafter the defendant company, through various of its employees, at the direction of respondents, began in great haste to make what was purported to be but were not, copies of such alleged documents, which these respondents subsequently attempted to impose upon the court as the originals of such books and documents, with the representation that the originals of the books and

documents called for had been destroyed prior to the filing of the bill in this cause.

On April 29, 1931, within a month after the bill of complaint had been filed, complainant took the deposition of the respondent, Thomas H. Cochran, and at that time, Cochran testified as follows:

"Q. Have the books of the Ender Coal & Coke Company showing orders received by them and filled by them been destroyed, or are they still in existence?

"A. Still in existence.

"Q. Still in existence?

"A. Yes."

We have examined the record, and this court is satisfied from the evidence and is of the opinion that the trial court was abundantly justified in concluding that its order of January 4, 1932, to produce such documents, had been wilfully violated, and that respondents, as officers of the defendant company, were responsible for such violation, and that respondents had defied and flaunted the order of the court in the manner described in its order of January 28, 1932, hereinafter set forth in full. The record discloses that the documents called for are material to the issues in the cause for the reason that they contain all the facts, information and data upon which the complainant's claim in its bill is predicated.

On January 22, 1932, the trial court entered a rule on the respondents to show cause why they should not be punished for contempt of court for violation of and failure to comply with the order of January 4, 1932. Various proceedings were had in connection with the matter and upon the issue as to whether or not respondents should be punished for such alleged contempt, which matter was before the trial court on many occasions. On May 2, 1932, the defendant, Ender Coal & Coke Company, and the respondents presented and filed separate petitions for change of

venue. The petition of respondents was continued until May 10, 1932, and then denied. The petition of the defendant, Ender Coal & Coke Company, for change of venue was continued until June 16, 1932, and then allowed.

On June 28, 1932, the order from which this appeal is taken, was entered as follows:

"This day coming on to be heard the motion of Harrisburg Coal Mining Company, a corporation, complainant in the above entitled cause for a rule on the respondent, Thomas H. Cochran, President of Ender Coal & Coke Company, defendant, and the respondent, John H. Evans, Secretary of said defendant corporation, to show cause why said respondents should not be attached and punished for contempt of court for failure and refusal to obey the order of this court entered in the above entitled cause on the 4th day of January, 1932, requiring the defendant, Ender Coal & Coke Company, to produce for the examination, inspection and taking of memoranda certain books, papers, records, documents, memoranda, etc., as directed by said order of January 4, 1932, as modified by a certain order of this court entered March 21, 1932.

"And it appearing to the court that the respondents, Thomas H. Cochran and John H. Evans, had notice of said order of January 4, 1932, and it further appearing to the court that the petition of Harrisburg Coal Mining Company, the complainant, for a rule on said respondents to show cause why they should not be punished for contempt of court, which petition was supported by the affidavit and supplemental affidavit of Raymond L. Boyle and filed on January 22, 1932; that said respondents, Thomas H. Cochran and John H. Evans, did on the 25th day of January, 1932, file their sworn joint and several answer to said petition.

"And it further appearing to the court that on March 7, 1932, another petition was filed by the Harris-

burg Coal Mining Company for a rule on said respondent, John H. Evans, and one Ralph O. Goltra, to show cause why they should not be punished for contempt of court, which said last mentioned petition said Evans and said Goltra were ordered to answer; and

"It further appearing to the court that said Goltra and said Evans did on the 12th day of March, 1932, file their sworn joint and several answer to said last mentioned petition; and

"It further appearing to the court that the affidavit of one James H. Bowden, upon due notice to the solicitors for said respondents, Thomas H. Cochran and John H. Evans, was filed herein by the complainant, Harrisburg Coal Mining Company on the 19th day of April, 1932, upon leave of court first had and obtained and that said respondents were ordered to, and did, file counter-affidavits thereto by April 23, 1932; and

"It further appearing to the court that on the 19th day of April, 1932, the hearing of said petitions for rule to show cause heretofore filed herein on January 22, 1932, and March 7, 1932, respectively, and said affidavit of James H. Bowden, filed on April 19, 1932, together with the respective joint and several sworn answers to said petitions and counter-affidavits to said affidavit of said James H. Bowden, was set for hearing on the 25th day of April, 1932; and

"It further appearing to the court that said matter came on for hearing April 25, 1932, and was thereafter adjourned from day to day until the 14th day of June, 1932, upon which day said petitions, affidavit, sworn answers and counter-affidavits again came on for hearing, together with evidence adduced by the petitioner, Harrisburg Coal Mining Company, and the respondents, Thomas H. Cochran and John H. Evans.

"And the court having heard and considered said rule to show cause, said petitions, said affidavit of said James H. Bowden, said several joint and sworn answers to said petitions, and said counter-affidavits to

said affidavit of James H. Bowden and the evidence offered by the petitioner, Harrisburg Coal Mining Company, and the respondents, Thomas H. Cochran and John H. Evans, including the testimony of James H. Bowden, Raymond L. Boyle, Ethel Geilhuff, Quintin Johnstone, Jr., Thomas H. Cochran and John H. Evans, and the documentary evidence offered by said petitioner and said respondents, Thomas H. Cochran and John H. Evans, respectively, and received in evidence by the court, and being fully advised in the premises, finds:

"(1) That it has jurisdiction of said respondents, Thomas H. Cochran and John H. Evans, and of the subject-matter hereof;

"(2) That the respondents, Thomas H. Cochran and John H. Evans, President and Secretary, respectively of the defendant, Ender Coal & Coke Company, a corporation, did knowingly, wilfully and intentionally refuse to and did not produce for examination and inspection and the taking of memoranda by complainant's auditor, Raymond L. Boyle, and did knowingly, wilfully and intentionally destroy or secrete for the purpose of preventing their inspection, examination, taking of memoranda, and introduction into evidence by complainant, and for the purpose of obstructing, impeding and thwarting the administration of justice and defying the process of this court, the books, papers, records, documents and memoranda, as follows:

"Original car record sheets between the dates of February 25, 1928, and February 18, 1931, showing and recording transactions concerning the shipment of coal by the Blue Bird Coal Mining Company, a corporation, upon the orders of the defendant, Ender Coal & Coke Company, a corporation:

"Detailed record and records of original entry of sales and purchases of coal from Saline and Williamson Counties, Illinois, from which said original car

record sheets, hereinabove described, are made up, as directed in the said order of January 4, 1932, to be examined in the office of Ender Coal & Coke Company, a Corporation, at 343 South Dearborn Street, Chicago, at reasonable times during the business hours of the day, said examination to commence on January 11,. 1932, and to continue from day to day thereafter until completed, as directed by the order of this court entered herein on January 4, 1932.

"(3) That said respondents, Thomas H. Cochran and John H. Evans, have failed to show cause why they should not be attached and punished as and for contempt of this court for knowingly, wilfully and intentionally violating the order of this court entered herein on January 4, 1932.

"(4) That said contempt has tended to defeat and impair the rights and interest of said Harrisburg Coal Mining Company, a Corporation, complainant in said suit, wherefore, the premises considered:

"(5) That said contempt was calculated to and did have the effect of obstructing, impeding and thwarting the administration of justice and defying the process of this court.

"It is ordered and adjudged by this court that the said respondent, Thomas H. Cochran, President of the defendant, Ender Coal & Coke Company, a Corporation, was and is and hereby is adjudicated guilty of and in contempt of this court.

"It is further hereby ordered and adjudged by this court that the said respondent, John H. Evans, Secretary of defendant, Ender Coal & Coke Company, a Corporation, was and is and hereby is adjudicated guilty of and in contempt of this court.

"It is further ordered and adjudged that the said rule to show cause by, and the same hereby is made absolute.

"It is further hereby ordered and adjudged that the respondent, Thomas H. Cochran, be fined the sum of

one thousand dollars ($1,000.00) to be paid to the Clerk of the Court.

"It is further hereby ordered and adjudged that the respondent, John H. Evans, be fined the sum of one thousand dollars ($1,000.00) to be paid to the Clerk of the Court.

"It is further hereby ordered and adjudged that the said Thomas H. Cochran, President of the defendant, Ender Coal & Coke Company, stand committed to and be confined and imprisoned in the county jail in said County of Cook, and State of Illinois, for thirty (30) days and until said fine is paid.

"It is further hereby ordered and adjudged that the said Thomas H. Cochran, President of the defendant, Ender Coal & Coke Company, stand thereafter committed to and be confined and imprisoned in the county jail in the said County of Cook and State of Illinois, until he shall show this Court that he stands ready to produce for examination and inspection by complainant's auditor, Raymond L. Boyle, the original car record sheets hereinabove set forth, and said detailed records and records of original entry of sales and purchases of coal from Saline and Williamson Counties, Illinois, from which said original car record sheets hereinabove described, are made up (as directed by said order of January 4, 1932) upon such date as shall be fixed by this Court or until he shall be otherwise discharged from said imprisonment by due process of law.

"It is further hereby ordered and adjudged that the said John H. Evans, Secretary of the defendant, Ender Coal & Coke Company, stand committed to and be confined and imprisoned in the county jail in said County of Cook and State of Illinois, for thirty (30) days and until said fine is paid.

"It is further hereby ordered and adjudged that the said John H. Evans, Secretary of the defendant, Ender Coal & Coke Company, stand thereafter com-

mitted to and be confined and imprisoned in the county jail in the said County of Cook and State of Illinois, until he shall show to this Court that he stands ready to produce for examination and inspection by complainant's auditor, Raymond L. Boyle, the original car record sheets hereinabove set forth, and detailed records and records of original entry of sales and purchases of coal from Saline and Williamson Counties, Illinois, from which said original car record sheets, hereinabove described, are made up (as directed by said order of January 4, 1932), upon such date as shall be fixed by this Court, or until he shall be otherwise discharged from said imprisonment by due process of law.

"The court further hereby orders and adjudges that a warrant of commitment do now issue in due form for the arrest of said Thomas H. Cochran, directed to the sheriff of Cook County, in the State of Illinois, and that when arrested by said sheriff said Thomas H. Cochran be committed to said jail and that he be there held for thirty (30) days and until said fine.is paid or until he shall be otherwise discharged from said imprisonment by due process of law, and further that said Thomas H. Cochran be committed thereafter to said jail and that he be there held until he shall show the court that he stands ready to and will produce for examination and inspection and the taking of memoranda by complainant's auditor, Raymond L. Boyle, the original car record sheets hereinabove set forth, and said detailed records and records of original entry of sales and purchases of coal from Saline and Williamson Counties, Illinois, from which said original car record sheets hereinabove described, are made up (as directed by said order of January 4, 1932) upon such date as shall be fixed by this court or until he shall be otherwise discharged from said imprisonment by due process of law.

"The court further hereby orders and adjudges that a warrant of commitment do now issue in due form for the arrest forthwith of said John H. Evans, directed to the sheriff of Cook County, in the State of Illinois, and that when arrested by said sheriff, said John H. Evans be committed to said jail and that he be there held for thirty (30) days and until said fine is paid or until he shall be otherwise discharged from said imprisonment by due process of law, and further that said John H. Evans be committed thereafter to said jail and that he be there held until he shall show to the court that he stands ready to and will produce for examination and inspection and the taking of memoranda by complainant's auditor, Raymond L. Boyle, the original car record sheets hereinabove set forth, and said detailed records and records of original entry of sales and purchases of coal from Saline and Williamson Counties, Illinois, from which said original car record sheets hereinabove described are made up (as directed by order of January 4, 1932) upon such date as shall be fixed by this court, or until he shall be otherwise discharged from said imprisonment by due process of law.

"These respondents, Thomas H. Cochran and John H. Evans jointly and severally object and except to the order of this court, this day entered herein holding the respondents, Thomas H. Cochran and John H. Evans, to be guilty of and in contempt of this court, and upon their said objections being overruled said respondents, Thomas H. Cochran and John H. Evans, jointly and severally except to the entry of said order and severally pray appeals therefrom to the Appellate Court of the State of Illinois, First District, and appeals are allowed to them severally at their request, by the court and the amount of each several appeal bond is fixed at the sum of five thousand dollars ($5,000.00) to be filed within twenty (20) days from

the date hereof, each of said respondents to stand committed to the county jail of Cook County until the filing of his said appeal bond and the approval thereof by the court.

"Leave is hereby granted to said respondents, Thomas H. Cochran and John H. Evans, or either of them, to present and file a certificate of evidence herein within forty-five (45) days from the date hereof.

Enter:

Denis E. Sullivan,

Judge.''

One of the main contentions of respondents is that the court erred in refusing to grant a change of venue in the contempt proceeding. In *Ossey v. Retail Clerks' Union,* 326 Ill. 405, the Supreme Court said, page 412:

"Complaint is made that a change of venue was denied. The rule to show cause was entered on October 19, 1925, and it was made returnable six days later. Service of the rule was had on five of the appellants on October 20 and on the remaining four on the following day. The hearing began on the return day. Three days later the petition for a change of venue was presented. The prayer of that petition was for a change of venue of the cause itself and not merely of the proceeding to punish for contempt. While the appellants were not made defendants to the bill for injunction by name, they were the agents of the defendants named in the bill and as such were included as parties thereto. The application for a change of venue came too late, for it must be made at the earliest practicable moment. (*McClelland v. McClelland,* 176 Ill. 83; *Haley v. City of Alton,* 152 id. 113; *Crane v. Crane,* 81 id. 165; *Richards v. Greene,* 78 id. 525; *Hudson v. Hanson,* 75 id. 198.) Moreover, all of the defendants to the bill of complaint did not seek a change of venue. Hence there was no compliance with the statute in that respect. (Sec. 9 of the act entitled,

'An act to revise the law in relation to change of venue,' Cahill's Stat. 1925, p. 2380.)''

Upon the authority of this case, we are of the opinion that the point that the court erred in refusing to grant the change of venue in the contempt matter is not well taken. The order of June 28, 1932, in *Harrisburg Coal Mining Company v. Ender Coal & Coke Company,* holding respondents guilty of contempt, is affirmed.

*Affirmed.*

WILSON and HEBEL, JJ., concur.